COURT OF APPEALS
DECISION
DATED AND FILED

July 8, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP1865**

STATE OF WISCONSIN

Cir. Ct. No. 2019JC133

IN COURT OF APPEALS
DISTRICT II

IN THE MATTER OF THE FINDING OF CONTEMPT IN:

IN THE INTEREST OF J.C.R., A PERSON UNDER THE AGE OF 18:

MANITOWOC COUNTY HUMAN SERVICES DEPARTMENT,

    PETITIONER-RESPONDENT,

  V.

K.H.,

    APPELLANT.

       APPEAL from orders of the circuit court for Manitowoc County: JERILYN M. DIETZ and ROBERT P. DEWANE, Judges. *Dismissed*.

¶1     GROGAN, J.[1]   K.H. appeals from a contempt order that found her in contempt, sentenced her to 180 days in jail, and stayed the sentence pending two purge conditions.  She contends that the circuit court erroneously exercised its discretion by denying her request to adjourn the December 19, 2023 hearing to provide time to obtain counsel.  She also appeals from an order denying her motion seeking to vacate the contempt order.  For the reasons that follow, this court dismisses her appeal as moot.

## I.  BACKGROUND

¶2     On December 5, 2023, Manitowoc County filed a "Petition for Order to Show Cause" as to why K.H. "should not be found in contempt of court" for posting confidential information from several active Child in Need of Protection and/or Services ("CHIPS") cases on Facebook.  The circuit court issued an "Order to Show Cause" the same day, providing the date, time, and location of the hearing, as well as expressly stating that failure to appear with an attorney would be deemed a waiver of that right.  The order stated: **"You have the right to be represented by an attorney at this hearing.  Unless good cause is shown, your failure to appear with an attorney will be deemed a waiver of that right."**

¶3     K.H. was served a copy of the Order to Show Cause on December 10, 2023, yet she appeared at the December 19, 2023 hearing without an attorney.  Before testimony was taken, the circuit court pointed out to K.H. that she had been notified that she had the right to be represented by an attorney, and K.H. expressed that she did not have enough time to obtain counsel and that she

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2023-24).  All references to the Wisconsin Statutes are to the 2023-24 version.

needed one appointed.  K.H. began making arguments regarding the merits of the case, and the court stated: "You did -- you were notified that you had the right to get an attorney, you have not, we're going to proceed today."

¶4     Direct and cross-examination of both the County's and K.H.'s witness was completed.  During direct examination of K.H.'s witness, the circuit court asked K.H., "Do you acknowledge that you posted this deposition transcript on your Facebook page and on these other pages that were cited?"  To which she responded, "I believe I need a lawyer."  The court then asked K.H. whether she called the State Public Defender's office (SPD) since she'd been served, and K.H. testified that she did, but the SPD never received any paperwork on her case from the court and so had not appointed a lawyer for her.  The court was skeptical of K.H.'s representation, and after asking for K.H.'s and the County's permission, it called the SPD to check on K.H.'s statements.  Once off the phone, the court announced that the SPD confirmed it "had no activity from [K.H.] whatsoever since 2021.  So we can argue semantics all day.  But they have no record of you making any contact with them since 2021."  K.H. once again claimed she in fact called SPD to ask for a lawyer in this matter, to which the court responded, "I find them far more credible."

¶5     After the hearing, the circuit court found K.H. in contempt for posting confidential information online relating to the CHIPS action, stated that the finding of contempt shall be in effect for two years, and ordered a sanction of 180 days in jail, but stayed the jail sentence pending two purge conditions.  The first purge condition was that K.H. remove all confidential documents and comments related to the CHIPS cases from any site on which she had placed them.  The second was that she does not disclose any information regarding those cases

in any way. Because the contempt order had only a two-year term, it ended on December 19, 2025.

¶6    After entry of the circuit court's order, K.H. retained counsel to represent her regarding the contempt order. After a hearing on March 11, 2024, the court found that K.H. violated her contempt order by not removing all confidential information posted online and partially lifted the stay on her jail sentence committing her to 20 days in jail. No additional commitment hearings have taken place since, but K.H. did file a "Motion for Relief from Order of Commitment" which was denied on August 22, 2024, after briefing and a hearing. K.H. subsequently filed an appeal of the order denying that motion. This Court upheld the circuit court's decision on the basis that the appeal was moot. *Manitowoc County HSD v. K.H.*, No. 2024AP1717, unpublished slip op. (WI App Dec. 23, 2025).

¶7    Almost 7 months later and more than 15 months after the issuance of the contempt order, on March 19, 2025, K.H. filed a "Motion to Vacate Contempt Order." The circuit court denied the motion, ruling that K.H. "failed to show that there was good cause for her to be appearing without an attorney" at the contempt hearing and therefore she waived her right to an attorney. K.H. now appeals.

## II.  STANDARD OF REVIEW

¶8    The circuit court's decision of whether to grant an adjournment is a discretionary determination. *Waukesha County v. E.J.W.*, 2021 WI 85, ¶34, 399 Wis. 2d 471, 966 N.W.2d 590. Whether a circuit court's finding that good cause was not shown is reviewed for whether the finding is clearly erroneous. *See* WIS. STAT. § 805.17(2). This court's review of discretionary determinations is "limited to the question of whether there has been an erroneous exercise of discretion."

4

*State ex rel. Cynthia M.S. v. Michael F.C.*, 181 Wis. 2d 618, 624, 511 N.W.2d 868 (1994). "A discretionary decision will be sustained if the circuit court has examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Johnson v. Allis Chalmers Corp.*, 162 Wis. 2d 261, 273, 470 N.W.2d 859 (1991).

### III. DISCUSSION

¶9    K.H. believes her contempt order should be vacated because she was entitled to an attorney at the December 2023 hearing. The County responds that the contempt order has expired and therefore this issue is moot. It also argues that the Record shows K.H. waived her right to have an attorney.

¶10    This court concludes that because the contempt order's two-year term expired in December 2025, K.H.'s appeal is moot. The purpose of the contempt proceedings has ended, and no continuing sanctions, purge conditions, or consequences remain. Thus, there is no effective relief this court could grant K.H.[2]    K.H. does not dispute that the legal issue she has appealed is moot.

---

[2] Even if the underlying issue of this case was not moot, the Record demonstrates that K.H. did waive her right to an attorney by showing up at the December 19, 2023 hearing without a lawyer and by failing to present the circuit court with any credible evidence that good cause existed for her failure to appear with a lawyer. K.H. received the "Order to Show Cause" on December 10, 2023—nine days before the hearing—thus she was adequately informed that failure to appear without an attorney would be deemed a waiver of that right unless she could show good cause. Although she claimed she called the SPD shortly after she was served, she presented no evidence to the court to support her claim besides her representation. And the court did not believe her story that she called the SPD. The court that subsequently heard her motion to vacate the contempt order noted it was K.H.'s burden to prove good cause existed for her appearance at the contempt hearing without a lawyer and concluded that K.H. failed to satisfy her burden. Accordingly, even if this issue was not moot, there is nothing in the Record to convince this court that the circuit court's finding was clearly erroneous or that either circuit court erroneously exercised its discretion.

However, she asks this court to address the legal issue despite this, arguing that exceptions to the mootness doctrine apply.

¶11     Wisconsin courts generally decline to decide moot issues. *Portage County v. J.W.K.*, 2019 WI 54, ¶12, 386 Wis. 2d 672, 927 N.W.2d 509. An issue is moot when its resolution will have no practical effect on the underlying controversy. *State ex rel. Riesch v. Schwarz*, 2005 WI 11, ¶11, 278 Wis. 2d 24, 692 N.W.2d 219. When all issues on appeal are moot, the appeal should be dismissed. *J.W.K*, 386 Wis. 2d 672, ¶12.

¶12     However, in "exceptional or compelling" circumstances, appellate courts may consider moot issues. *Id.* at ¶12. Those exceptions include:

> (1) the issues are of great public importance; (2) the constitutionality of a statute is involved; (3) the situation arises so often a definitive decision is essential to guide the [circuit] courts; (4) the issue is likely to arise again and should be resolved by the court to avoid uncertainty; or (5) the issue is capable and likely of repetition and yet evades review.

*Id.* (internal quotation marks removed; citation omitted).

¶13     To qualify as an issue of great public importance, the issue must affect a large number of people beyond the immediate parties. *See Winnebago County v. Christopher S.*, 2016 WI 1, ¶32, 366 Wis. 2d 1, 878 N.W.2d 109. In *Christopher S.*, the Wisconsin Supreme Court found the great public importance exception satisfied because the issue—a prisoner's mental health issue—impacted nearly one-third of Wisconsin's prison population, illustrating the large scale of the issue. *Id.*, ¶32 n.17. Here, no such issue impacting a large number of parties exists. The issue at hand is a discretionary decision by the circuit court as to whether K.H. waived her right to an attorney at a contempt order hearing. This is

a challenge unlikely to have any impact outside the bounds of the factual circumstances of this case. *See J.W.K.*, 386 Wis. 2d 672, ¶30. The first exception does not apply.

¶14    The second exception applies when the validity or constitutionality of a statute is challenged. *State v. Fitzgerald*, 2019 WI 69, ¶22, 387 Wis. 2d 384, 929 N.W.2d 165. This appeal does not question the constitutionality of Wisconsin's contempt statutes, but instead challenges a discretionary decision made by the circuit court. Because no constitutional challenge to a statute is before this court, this exception is inapplicable here.

¶15    Regarding the third exception, appellate courts may decide an otherwise moot issue when it presents an issue that arises repeatedly signaling that there is a "need for guidance and certainty." *Rave v. SVA Healthcare Servs., LLC*, 2022 WI 3, ¶7, 400 Wis. 2d 88, 968 N.W.2d 703. Here, no such circumstance exists. Wisconsin courts already possess substantial guidance regarding civil contempt proceedings, including the purpose of remedial sanctions and the requirements for contempt findings. *See* WIS. STAT. § 785.01-04. Moreover, the discretionary decision here was made in direct response to a previously issued circuit court order. The issues raised by this appeal are fact dependent and tied to the unique procedural history of this case and thus are unlikely to arise repeatedly going forward. The third exception does not apply.

¶16    The fourth exception applies when an issue is likely to arise again and appellate clarification is needed to eliminate uncertainty in the law. *S.G. v. DCF*, 2025 WI App 32, ¶22, 416 Wis. 2d 447, 21 N.W.3d 764. Here, there is no uncertainty in Wisconsin contempt proceedings requiring resolution. The issue here is specific to the facts of this case—whether the circuit court erroneously

exercised its discretion in finding that K.H. waived her right to have an attorney in a contempt hearing for her failure to comply with a previous court order in a CHIPS proceeding. And, in this case, the court believed K.H. waived that right because she made no effort to obtain an attorney after she received the notice and failed to meet her burden of showing good cause. This particular issue under this specific factual scenario is unlikely to arise again in an identical or substantially similar form. Because the relevant legal standards are already established, there is no uncertainty for litigants or courts going forward. The fourth exception does not apply.

¶17 The final exception requires a showing that the challenged issue is likely to recur and inherently of such short duration that it consistently escapes appellate review. *See State ex rel. Clarke v. Carballo*, 83 Wis. 2d 349, 357, 265 N.W.2d 285 (1978). As noted previously, the specific circumstances regarding the legal issue presented by K.H. is unlikely to recur. Further, civil contempt orders do not inherently evade review and have even been reversed by appellate courts. *See, e.g.*, *Schroeder v. Schroeder*, 100 Wis. 2d 625, 639-40, 302 N.W.2d 475 (1981). The mere fact that this particular contempt order expired before appellate review was completed does not establish that such orders generally evade review. Instead, this is a function of K.H.'s decision to delay her appeal almost seven months. The fifth exception does not apply.

¶18 Ultimately, a decision on the merits of this case would have no effect on the underlying contempt order. That order has expired, and this court cannot provide K.H. with any practical relief. Because none of Wisconsin's recognized exceptions to the mootness doctrine apply, this appeal is dismissed.

*By the Court.*—Appeal dismissed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.